```
                   UNITED STATES DISTRICT COURT
                   EASTERN DISTRICT OF LOUISIANA
```

JACOBY ANTWINE MAIZE                          CIVIL ACTION

VERSUS                                        NUMBER: 11-2709

JEFFERSON PARISH SHERIFF'S OFFICE             SECTION: "R"(5)


### REPORT AND RECOMMENDATION

This 42 U.S.C. §1983 proceeding was filed in forma pauperis by pro se plaintiff, Jacoby Antwine Maize, against defendant, Detective Rhonda Goff of the Jefferson Parish Sheriff's Department.

Plaintiff is an inmate of the Jefferson Parish Correctional Center ("JPCC") who is awaiting trial in connection with the murder of Justin Hendricks.  After being apprehended, plaintiff alleges that he requested to speak with Detective Goff concerning the crime and thereafter gave her recorded and written statements which she subsequently shared with another individual who is also the subject of the investigation, resulting in plaintiff being labeled a "snitch", placing his life in constant danger, and hampering his efforts to defend himself from the charge he faces.  As a result of the slandering of his name and the threat of danger to his person,

plaintiff requests that Detective Goff be placed under investigation, an unspecified amount of monetary damages, the termination of the detective from her employment, and the screening and review of every case that the detective has handled for abuse of whatever nature. Plaintiff would have the Court to further understand that he is currently facing criminal charges unjustly and is suffering from undue hardship due to Goff's allegedly faulty detective work and discrimination based on gender and race. (Complt. at pp. 6-7, 9-11).

Plaintiff has instituted suit herein <u>in forma pauperis</u> pursuant to 28 U.S.C. §1915. A proceeding brought <u>in forma pauperis</u> may be dismissed as frivolous under §1915(e)(2)(B)(i) if the claim alleged therein has no arguable basis in law or fact, <u>Booker v. Koonce</u>, 2 F.3d 114 (5th Cir. 1993), or if it fails to state a claim upon which relief can be granted. 28 U.S.C. §1915(e)(2)(B)(ii). <u>See also</u> 28 U.S.C. §1915A(b)(1), 42 U.S.C. §1997e(c). Giving the instant complaint a liberal reading, it is the recommendation of the Magistrate Judge that this matter be dismissed as frivolous and for failing to state a claim upon which relief can be granted.

Plaintiff alleges that his good name has been slandered and that his life has been placed in danger as a result of the defendant's actions in sharing the contents of his statements with

others. Plaintiff does not allege that he has suffered any physical injuries as a result of the defendant's actions and his complaint fails to present a cognizable failure-to-protect claim as he has not named as a defendant herein the jailer in whose custody he is housed and who is responsible for his physical safety. Among the relief sought by plaintiff in this matter is that Detective Goff be placed under investigation, that her employment be terminated, and that all of the cases in which she was involved be screened for wrongdoing of whatever nature. Private citizens do not have a constitutional right to have their complaints investigated by federal or local executive officials, <u>Lovoi v. Federal Bureau of Investigation</u>, 2000 WL 33671769 at *2 n. 4 (E.D. La. March 31, 2000), and the Court possesses no power to terminate the detective from her employment or to otherwise exercise oversight into the law enforcement activities in which she has been involved in the past. The foregoing forms of relief being unavailable, that leaves before the Court only plaintiff's request for monetary damages. In that regard, 42 U.S.C. §1997e(e) provides that "[n]o federal civil action may be brought by a prisoner ... for mental or emotional injury suffered while in custody without a prior showing of physical injury." Feelings of fear and anxiety do not qualify as physical injuries under §1997(e). <u>See</u> <u>Herman v. Holiday</u>, 238 F.3d 660, 665-66 (5th Cir. 2001). For all of these

reasons, it will be recommended that plaintiff's complaint be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(i) and (ii).[1]

**RECOMMENDATION**

For the foregoing reasons, it is recommended that plaintiff's complaint be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(i) and (ii).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Services Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

New Orleans, Louisiana, this  9th  day of   November  , 2011.

ALMA L. CHASEZ
UNITED STATES MAGISTRATE JUDGE

---

[1] Any challenge that plaintiff wishes to lodge with respect to the validity of his ongoing prosecution should be pursued on habeas corpus grounds after he has exhausted state court remedies. See Preiser v. Rodriquez, 411 U.S. 475, 93 S.Ct. 1827 (1973); Dickerson v. State of Louisiana, 816 F.2d 220, 225 (5th Cir.), cert. denied, 484 U.S. 956, 108 S.Ct. 352 (1987).